## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KONINKLIJKE PHILIPS N.V., | |
| *Plaintiff*, | |
| v. | Civil Action No. 20-1708-CFC |
| TELIT IOT SOLUTIONS, INC. (f/k/a TELIT WIRELESS SOLUTIONS, INC.); TELIT COMMUNICATIONS LTD (f/k/a TELIT COMMUNICATIONS PLC), | |
| *Defendants*. | |

## JOINT ~~PROPOSED~~ SCHEDULING ORDER

Pursuant to the Court's directive at the May 23, 2022 Scheduling

Conference, Plaintiff Koninklijke Philips N.V. ("Philips") and Defendant Telit IoT

Solutions, Inc. ("Telit")[1] stipulate to the entry of the following scheduling order on

issues relating to patent unenforceability:

| TELIT'S PROPOSED DATE | PHILIPS' PROPOSED DATE | EVENT |
|---|---|---|
| June 20, 2022 | | Fact Discovery on patent unenforceability opens |
| June 24, 2022 | | The parties will submit a stipulated protective order. |

---

[1] Telit Communications Ltd. (previously called, Telit Communications PLC) has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. By submitting this proposed schedule, it does not intend to waive that defense.

| July 15, 2022 | | The parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) |
|---|---|---|
| July 15 | Philips disagrees that such a deadline is required or appropriate for a scheduling order. *See* Section 1(a)(ii) below. | Philips shall identify which versions of the standards (including but not limited to which versions of 36.321, 26.211, 36.212, 25.201, 25.211, 36.213, 25.213, 25.214, 23.002, 25.331, 25.101) it contends are covered by one or more claims of any of the asserted patents |
| July 20, 2022 | | Philips shall provide the agreed-to "automatic discovery." <br><br> Philips disagrees on the proposed scope of "automatic discovery," with Philips opposing Telit's proposed July 15 and July 27 entries. *See* Section 1(a)(ii) below. |
| On or before July 27, 2022 | Philips disagrees that such a deadline is required or appropriate for a scheduling order. *See* Section 1(a)(ii) below. | The parties shall meet and confer in an attempt to arrive a stipulated dates on which the standard was enacted, and the date on which Philips declared the patents essential to that standard. |
| Dec. 2, 2022 | | Deadline for the Parties to identify Experts relevant to patent unenforceability |
| January 11, 2023 | | Close of Fact Discovery for patent unenforceability |
| February 17, 2023 | | Telit's Opening Expert Report(s) on patent unenforceability |

| March 17, 2023 | Philips's Rebuttal Expert Report(s) on patent unenforceability |
| April 14, 2023 | Telit's Reply Expert Report(s) on patent unenforceability |
| May 5, 2023 | Close of Expert Discovery on patent unenforceability |
| June 2, 2023 | Dispositive Motions |
| June 30, 2023 | Opposition Briefs to Dispositive Motions |
| July 14, 2023 | Reply briefs to Dispositive Motions |
| TBD | Case Dispositive Hearing or Trial with live witnesses, if the Court determines one is necessary[2] |

1. **Fact Discovery**

The parties have previously completed fact discovery in the related

International Trade Commission investigation, Inv. No. 337-TA-1240 (the "ITC

Investigation"). The parties may use discovery exchanged with each other[3] and

transcripts from the ITC Investigation for all purposes in this action as if it had

been obtained in this matter.

---

[2] In connection with the setting of a trial date, the parties request that the Court will schedule a pre-trial conference in accordance with D.De. LR 16.3(d) and set a deadline for the filing of motions *in limine*.

[3] There were several other parties in the ITC investigation. Unless the other party in the ITC action agrees, Philips and Telit will not use discovery obtained from other parties, unless separately obtained through third party discovery in this matter, or stipulated to by the other parties in the ITC proceeding.

The parties believe the following discovery limits are sufficient, but reserve the right to ask the Court, for good cause shown, for additional reasonable, non-burdensome discovery:

**a.      Automatic Discovery**

### i. The Parties' Agreed Automatic Discovery

The parties agree that by 30 days after entry of this order, Philips shall produce (to the extent in its possession):

- all essentiality declarations Philips submitted to ETSI relating to U.S. Patent Nos. 9,178,577, 9,635,599, 7,089,028, 8,195,216, 8,134,929, and 10,257,814 (collectively, "the asserted patents"), including declarations for any family member of the asserted patents;

- non-privileged communications, including technical submissions, and emails, Philips or the named inventors made to ETSI or 3GPP, or anyone acting on its behalf, related to the standards that Philips now argues as a basis for its infringement contentions (including but not limited to 36.321, 26.211, 36.212, 25.201, 25.211, 36.213, 25.213, 25.214, 23.002, 25.331, 25.101);

- all attendance lists for any 3GPP working group meetings that anyone acting for or on Philips' behalf attended and that developed provisions in any standards that Philips now argues as a basis for its infringement

4

contentions (including but not limited to the provisions in 36.321, 36.211, 36.212, 25.201, 25.211, 36.213, 25.213, 25.214, 23.002, 25.331, 25.101).

### ii. Philips' Disagreement with Telit's Request that the Court Order Further Automatic Discovery

In the spirit of compromise, Philips has agreed to Telit's (unusual) request for "automatic discovery" within a scheduling order for certain materials. However, Philips believes that Telit's discovery requests should generally be made in the traditional form, such as interrogatories for the request Telit has inserted as its proposed July 15, 2022 deadline in the above chart, or requests for admission for its proposed July 27, 2022 deadline in the above chart.

### b.   Document Requests

Philips and Telit may each serve up to ten (10) document requests.

### c.   Requests for Admission

Philips and Telit may each serve up to thirty (30) requests for admission. Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission either side may use solely for the purpose of authentication or admissibility of evidence.

### d.   Interrogatories

Philips and Telit may each serve up to five (5) interrogatories, which will not count towards the twenty-five (25) interrogatory limit in Fed. R. Civ. P. 33(a)(1).

e. **Depositions**

Philips and Telit agree that each may each take up to four non-expert party depositions.

Philips shall provide deposition dates for each of the named inventors of the asserted patents and Philips' Rule 30(b)(6) witness (collectively, "the non-experts"), such that the examinations of two of the non-experts will be completed no later than the week before the final week of the fact discovery period, and the other two non-experts will be completed no later than the final week of the fact discovery period. Telit shall similarly provide deposition dates of its party deponents such that the examinations of the two Telit party deponents will be completed no later than the week before the final week of the fact discovery period, and the other two Telit party deponents will be completed no later than the final week of the fact discovery period.

The parties presently expect that all depositions will be conducted remotely. To the extent that depositions are conducted remotely, the parties will meet and confer to discuss convenient deposition times, which includes splitting deposition(s) into two days to accommodate time zone differences.

The 30(b)(6) notice for any party shall contain no more than 10 topics.

Telit's agreement concerning the procedure for depositions on patent unenforceability should not be deemed an admission or agreement by Telit that it has any relevant witnesses, or that any third party has relevant evidence.

### a. Philips' Position on Additional Depositions

Other than the limits set forth above, Philips proposes that Federal Rule of Civil Procedure 30 should be applied, including with respect to third party depositions.  Philips does not agree that it should be limited in its ability to pursue third party discovery.

### b. Telit's Position on Additional Depositions

Telit believes the four-deposition limit should include third-party depositions, but the parties can request additional depositions on a showing of good cause.

## 2. Expert Reports

All expert reports shall include bates number references to documents cited in the expert report and shall include copies of any documents that have been cited.

## 3. Repudiation Defense

### a. Philips' Position on Reservation for Later Phase of Case Concerning Issues Related to and Determination of Whether Telit Repudiated Its Third Party Beneficiary Rights Based on Actions During Licensing Negotiations in Failing to Accept Philips'

### Licensing Offers, to the Extent Necessary to Resolve Implied Waiver Issue

Philips explained in its May 9, 2022 submission to the Court that a potential issue related to Telit's unenforceability defense is whether Telit repudiated its third party beneficiary rights under the ETSI IPR Policy, including by rejecting licensing offers made by Philips that were on fair, reasonable and non-discriminatory ("FRAND") terms. *See* D.I. 69 at 18. The resolution of that issue will require the Court to consider, *inter alia,* whether Philips' offers to Telit were FRAND. *See id.* However, Philips' understanding is that the Court wishes to reserve those determinations on whether offers were FRAND until a later phase of the case, because those issues completely overlap with the "FRAND trial" that Philips suggested should go first (D.I. 69 at 2-7), which the Court rejected at the May 26, 2022 telephonic conference. Philips thus proposes that the first phase of the litigation on the implied waiver defense will not include issues related to Philips' allegation that Thales has repudiated its status as a third party beneficiary to the ETSI IPR Policy based on its actions during licensing negotiations and alleged failure to accept FRAND licensing offers, so that there is no ambiguity that discovery concerning and resolution of that issue is outside the scope of this phase of the case. To the extent the Court were to determine in the first phase of the case that Telit is a third party beneficiary to Clause 4.1 of the ETSI IPR Policy and were to also determine that the doctrine of implied waiver would otherwise apply, then

8

the determination of whether Telit repudiated its third party beneficiary rights for those reasons will be reserved for a later phase of the case.

Philips submits that the problem with Telit's proposal below is that Telit is requesting that the Court require Philips to waive the above-mentioned argument in order for the case to proceed because Telit does not agree that discovery and argument on that issue may proceed in the first phase of the case and *also does not agree* that Philips can reserve resolution of that issue until the next phase of the case.  In other words, Telit's position is that Philips should be *entirely forbidden* from even *making* this argument because it "knows of no law" supporting the argument.  (Telit's two statements below that it both "disagrees entirely with Philips' attempt to 'reserve its rights' to assert a 'repudiation defense'" and that the argument "is best resolved in the future" are contradictory, and thus Philips must assume Telit's position is the former, otherwise there would be no disagreement.)  Philips' proposal allows the unenforceability trial to go forward without the potentially relevant issues that overlap with a "FRAND trial," while not requiring Philips to waive legal theories.

### b. Telit's Position on Philips' Attempted Reservation of a "Repudiation Defense"

Telit disagrees entirely with Philips' attempt to "reserve its rights" to assert a "repudiation defense" to undermine the Court's determination of unenforceability based on late disclosure. Telit knows of no law (French or U.S.) supporting a

9

"repudiation defense" under these or similar circumstances, and Philips has not provided any.  However, Telit believes that the parties should address this issue at a later time, if necessary.

To be clear, Telit believes litigating the complex FRAND issues now is the proposal the Court has already rejected, but Telit is not saying anything is "entirely forbidden," just that the argument, however weak, is best resolved in the future.

### 4. Pinpoint Citations

Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955,956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

### 5. Application for Court Protective Order

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 6. Disputes Relating to Discovery Matters and Protective Orders

10

Should counsel find that they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

      (a) Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

      (b) By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

      (c) Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document( s ).

The hard copies shall comply with paragraphs 4 and 8 of this Order.

(d) If a motion concerning a discovery matter or protective order is filed without leave of the Court and does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

## 7. Papers Filed Under Seal

When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

## 8. Hard Copies

The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 10 of this Order, all briefs, and any other documents filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 18 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

(a) Exhibits and Attachments. Each exhibit and attachment to a letter, brief, or pretrial order shall be separated by a tab. (Accordingly, each brief filed in connection with a motion in limine in a pretrial

12

order must be separated by a tab.) Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

(b) Colors of Front Covers. The covers of briefs filed in connection with all motions except for motions in limine included in a pretrial order shall be as follows: (1) Opening brief – Blue; (2) Answering brief – Red; (3) Reply brief – Gray.

## 9. Objections to Expert Testimony

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

**10. Case Dispositive and *Daubert* Motions**

(a) No Early Motions Without Leave. All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before the date set forth above.  No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.

(b) Motions to Be Filed Separately. A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c) Word Limits. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all

14

answering briefs, and 6,250 words for all reply briefs. The text for each brief shall be 14-point / and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d) Ranking of Summary Judgment Motions. A party that files more than one summary judgment motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider shall be designated #I, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further summary judgment motions filed by the party.

(e) Ranking of Daubert Motions. A party that files more than one *Daubert* motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider shall be designated # 1, the

second motion shall be designated #2, and so on. The Court will review the party's *Daubert* motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further *Daubert* motions filed by the party. If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

(f) Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[4] A party must submit a separate concise statement of facts for each summary judgment motion. Any party that opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's

---

[4] The party must detail each material/act in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

16

concise statement, as well as sets forth all material facts as to which it is

contended that there exists a genuine issue necessary to be litigated.

(g) Focus of the Concise Statement. When preparing the separate concise

statement, a party shall reference only the material facts that are

absolutely necessary for the Court to determine the limited issues

presented in the motion for summary judgment (and no others), and each

reference shall contain a citation to a particular affidavit, deposition, or

other document that supports the party's interpretation of the material

fact. Documents referenced in the concise statement may, but need not,

be filed in their entirety if a party concludes that the full context would

be helpful to the Court (e.g., a deposition miniscript with an index stating

what pages may contain key words may often be useful). The concise

statement shall particularly identify the page and portion of the page of

the document referenced. The document referred to shall have relevant

portions highlighted or otherwise emphasized. The parties may extract

and highlight the relevant portions of each referenced document, but they

shall ensure that enough of a document is attached to put the matter in

context. If a party determines that an entire deposition transcript should

be submitted, the party should consider whether a miniscript would be

preferable to a full-size transcript. If an entire transcript is submitted, the

17

index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 4 and 8 of this Order.

(h) Word Limits for Concise Statement. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(i) Affidavits and Declarations. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(j) Scope of Judicial Review. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather the Court

18

will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

## 11. Applications by Motion

Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7 .1.1.

## 12. Motions in *Limine*

To the extent a hearing or trial occurs, motions in *limine* shall not be separately filed. All in *limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three in *limine* requests, unless otherwise permitted by the Court. Each in *limine* request and any response shall contain the authorities relied upon; each in *limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in *limine* request, such support or opposition shall be combined in a single three-page submission (and, for the moving parties, a single one-page reply). No separate briefing shall be submitted on in *limine*

requests, unless otherwise permitted by the Court. Motions in *limine* shall comply with paragraphs 4 and 8 of this Order.

### 13. Compendium of Cases

A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 8 of this Order.

June 17, 2022

OF COUNSEL:

David A. Loewenstein
Clyde A. Shuman
PEARL COHEN ZEDEK
LATZER BARATZ LLP
7 Times Square, 19th Floor
New York, NY 10036
(646) 878-0800
DLoewenstein@PearlCohen.com
CShuman@PearlCohen.com

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP


By:   */s/Anthony D. Raucci*
Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendant Telit IoT*
*Solutions, Inc.*

                                        YOUNG CONAWAY STARGATT
                                        & TAYLOR, LLP

OF COUNSEL:

                              By:    */s/ Robert M. Vrana*
Eley O. Thompson                     Adam W. Poff (No. 3990)
FOLEY & LARDNER LLP                  Robert M. Vrana (No. 5666)
321 N. Clark Street                  Rodney Square
Suite 2800                           1000 North King Street
Chicago, IL 60654-5313               Wilmington, DE 19801
(312) 832-4359                       (302) 571-6600
ethompson@foley.com                  apoff@ycst.com
                                     rvrana@ycst.com

Kevin M. Littman
Lucas I. Silva
FOLEY & LARDNER LLP                  *Attorneys for Plaintiff Koninklijke*
111 Huntington Avenue                *Philips N.V.*
Suite 2500
Boston, MA 02199-7610
(617) 342-4000
klittman@foley.com
lsilva@foley.com

SO ORDERED this **27** of June, 2022:

                              _____
                              CHIEF, UNITED STATES DISTRICT
                              JUDGE

29468406.1

22