IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,

          Plaintiff

v.

TELIT WIRELESS SOLUTIONS, INC.,
TELIT COMMUNICATIONS PLC,

          Defendants.

C.A. No.: 20-1708 (CFC)

## PHILIPS' OPENING BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF PHILLIPE STOFFEL-MUNCK

*Of Counsel*:

Eley O. Thompson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
(312) 832-4359
ethompson@foley.com

Kevin M. Littman
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
(617) 342-4000
klittman@foley.com
lsilva@foley.com

Dated: August 23, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Plaintiff
Koninklijke Philips N.V.*

i

## **<u>TABLE OF CONTENTS</u>**

I.    NATURE AND STAGE OF THE PROCEEDINGS......................................1

II.   SUMMARY OF ARGUMENT......................................................1

III.  LEGAL STANDARDS ........................................................2

IV.   ARGUMENT...............................................................3

      A.    Professor Stoffel-Munck Lacks Experience to Opine on the
            ETSI IPR Policy .................................................3

      B.    Professor Stoffel-Munck's Attempts to Apply French Law to
            the Facts Should be Excluded ...................................5

V.    CONCLUSION.............................................................7

# TABLE OF AUTHORITIES

**CASES**

*Aloe Coal Co. v. Clark Equipment Co.*,
   816 F. 2d 110 (3d Cir. 1987) ...............................................................................2

*Bigio v. Coca-Cola Co.*,
   No. 97 Civ. 2858, 2010 WL 3377503 (S.D. N.Y. Aug. 23, 2010).....................3

*Hardy Expl. & Prod. (India), Inc. v. Gov't of India*,
   219 F.Supp.3d. 50 (D. D.C. 2016)......................................................................3

*In re SpA*,
   645 B.R. 48 (Bankr. D. Del. 2022)........................................................... 3, 5, 7

*Pfizer Inc. v. Elan Pharm. Rsch. Corp.*,
   812 F. Supp. 1352 (D. Del. 1993)....................................................................3, 6

*Waldorf v. Shuta*,
   142 F.3d 601 (3d Cir. 1998) ...............................................................................2

*Withrow v. Spears*,
   967 F.Supp.2d 982 (D. Del. 2013).......................................................................2

**STATUTES**

Fed. R. Civ. P. 44.1 .........................................................................................2, 7

**OTHER AUTHORITIES**

9A FED. PRAC. & PROC. CIV. § 2444 (3d ed.)....................................................3

## I.   NATURE AND STAGE OF THE PROCEEDINGS

As explained in Philips' concurrently filed Motion for Summary Judgment, discovery has concluded and a bench trial is scheduled for February 26, 2024.

## II.   SUMMARY OF ARGUMENT

Telit alleges that Philips breached the Intellectual Property Rights ("IPR") Policy of the European Telecommunications Standards Institute ("ETSI") by failing to declare its standard essential patents to ETSI before the corresponding standards were adopted.  The ETSI IPR Policy is governed by French law, and Telit has thus served opening and reply expert reports from Philippe Stoffel-Munck, a professor of law in France and alleged French law expert under Federal Rule of Civil Procedure 44.1.  Stoffel-Munck is not an expert on ETSI – he was never a member of ETSI and he has never attended a meeting of ETSI.

Professor Stoffel-Munck's reports go far beyond simply explaining the relevant French law, however, wading instead into impermissible (and unqualified) characterizations and legal conclusions regarding the specific facts of this case.  He has **zero** training or experience in cellular telecommunications technology or ETSI. Yet, he provides opinions about what he believes the ETSI IPR declaration requirements to be and why, and he opines that Philips breached the ETSI IPR Policy by not declaring its IPRs to ETSI before the corresponding standards were adopted.  He is not qualified to offer these opinions, nor are such legal conclusions

1

permitted from foreign law experts.  Philips thus requests that the opinions
identified herein be stricken from Professor Stoffel-Munck's expert reports and
that he be precluded from offering the identified testimony.

## III.   <u>LEGAL STANDARDS</u>

Federal Rule of Evidence 702 requires that expert witnesses be qualified "by
knowledge, skill, experience, training, or education."  The Third Circuit requires
that "at a minimum, a proffered expert witness must possess skill or knowledge
greater than the average layman." *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir.
1998) (citation omitted).  Further, it is essential that "[a]n expert witness have such
skill, knowledge, or experience in the field as to make it appear that his opinion
will probably aid the trier of fact in his search for the truth."  *Aloe Coal Co. v.
Clark Equip. Co.*, 816 F. 2d 110, 114 (3d Cir. 1987).  Thus, witnesses without
formal academic training or relevant industry experience or knowledge are not
qualified to testify as experts.  *See id.* at 114-15 (holding that district court abused
discretion allowing expert testimony from witness with no relevant knowledge or
experience); *Withrow v. Spears*, 967 F.Supp.2d 982, 993-95 (D. Del. 2013)
(precluding testimony based on expert's lack of biomechanics expertise).

Experts on law are generally not permitted.  However, Federal Rule of Civil
Procedure 44.1 makes a limited exception to assist courts in making determinations
of foreign laws based on "any relevant material or source."  However, the

testimony of a foreign law expert "should [] not offer legal conclusions 'as the purpose of an expert witness in foreign law is to aid the court in determining the content of the applicable foreign law, not to apply the law to the facts of the case.'" *In re SpA*, 645 B.R. 48, 58 (Bankr. D. Del. 2022) (*quoting* 9A FED. PRAC. & PROC. CIV. § 2444 (3d ed.)); *Hardy Expl. & Prod. (India), Inc. v. Gov't of India*, 219 F.Supp.3d. 50, 59 (D. D.C. 2016). Indeed, courts routinely reject opinions of foreign law experts that go beyond stating the contents of the relevant foreign law. *See, e.g.*, *Pfizer Inc. v. Elan Pharm. Rsch. Corp.,* 812 F. Supp. 1352, 1360 n.11 (D. Del. 1993); *Hardy*, 219 F.Supp.3d  at 59; *Bigio v. Coca-Cola Co.*, 2010 WL 3377503, at *5 (S.D.N.Y. Aug. 23, 2010).

## IV.   <u>ARGUMENT</u>

### A.   **Professor Stoffel-Munck Lacks Experience to Opine on the ETSI IPR Policy**

Professor Stoffel-Munck is a French law professor retained by Telit to aid the Court in understanding French law.  It is undisputed that he lacks any background or prior experience in cellular telecommunications technology or with ETSI (or any standard setting organization) that would afford him the expertise to opine upon the practices and/or obligations of ETSI members.  *See* Ex. A (Ex. 1 thereto).

Despite this lack of expertise, Professor Stoffel-Munck's reports are filled with his unqualified opinions and analysis concerning the ETSI IPR Policy, which

do not assist in understanding French law principles that might be relevant to the Court's interpretation of the Policy.

For example, Professor Stoffel-Munck's opening report (Ex. A) discusses the history of the adoption of ETSI's Rules (¶¶28-41), the interplay between European Commission Directives and the ETSI IPR Policy (¶¶42-53), as well as the ETSI Guide on IPRs (¶¶54-64).  In one instance, he opines that "simply undertaking to provide fair, reasonable, and nondiscriminatory licenses ('FRAND') does not ensure an IPR owner becomes incapable to block a standard from being implemented" and explains why, in his view, certain actions of a licensor (such as Philips) would be inconsistent with FRAND.  Ex. A, ¶41.  As another example, after quoting various ETSI documents, he opines that "engineers [from ETSI member companies] participating in ETSI/3GPP working groups or technical meetings had to disclose IPRs at an early date, especially those that submitted technical proposals."  *Id.*, ¶52.

Likewise, Professor Stoffel-Munck opines that "had ETSI wanted to make an exception for members that made general declarations, it could certainly have said so," and "there is no special carve out for members who made general declarations."  *Id.*, ¶57.  And later in his opening report, he again opines on the requirements of Clause 4.1 of the Policy, stating that certain evidence "reinforce[s] [his] view that IPR must be declare [sic] *before* the standard is adopted."  *Id.*, ¶64

4

(emphasis in original).

In similar fashion, Professor Stoffel-Munck's reply report provides unqualified opinions regarding the ETSI IPR Policy by attempting to interpret its language, as well as by opining that certain facts relating to ETSI meetings should be "set aside" and "not taken into account" when the Court interprets the Policy. *See* Ex. B, ¶¶25-26, ¶¶56-58, and ¶¶69-70.

Professor Stoffel-Munck, as a French law expert, has no basis to offer opinions about ETSI's intent or the meaning behind the practices and policies of ETSI. Consequently, the opinions and analysis found in the above identified paragraphs of his opening and reply reports should be excluded.

## B. Professor Stoffel-Munck's Attempts to Apply French Law to the Facts Should be Excluded

Professor Stoffel-Munck does much more than outline relevant French law principles.[1] His reports also improperly apply these principles to the facts of the case. "[T]he purpose of an expert witness in foreign law is to aid the court in determining the content of the applicable foreign law, not to apply the law to the facts of the case." *In re SpA*, 645 B.R. at 58 (internal quotation omitted). Thus, the portions of his reports that apply the law to the facts of the case should be

---

[1] The portions of Professor Stoffel-Munck's reports that provide such outlining are not subject to this motion.

excluded. *E.g., Pfizer*, 812 F. Supp. at 1360 n.11 (testimony that "opine[d] as to how German courts would rule on matters of interpretation of the [contract]" was disregarded "as usurping the function of th[e] court").

For example, in his opening report, Professor Stoffel-Munck attempts to opine on how French law should be applied in interpreting certain words of Clause 4.1 of the ETSI IPR Policy. Ex. A, ¶¶71-72. He further opines that it is unlikely that ETSI members all understood the terms of the IPR Policy in the same manner (¶80), that it is "uncertain" that the members shared a common intention because they are "rivals engaged in harsh economic competition" (¶81), that determining the common intention of the parties "might be a difficult task" due to the ETSI voting that took place (¶82), and that the language was "the result of a compromise proposed by a working group [of] the members of which [sic] may not have had the same intent" (¶84).

As another example, his opening report includes a section entitled "Philips' Delay" (*id.*, ¶¶116-125) in which he analyzes various deposition transcript excerpts and other evidence (¶¶117-119, 121) to offer the opinion that "a French Court face [sic] with these facts would hold these statements show that Philips's conduct is inconsistent with ETSI's rule and Guide…." (¶120). He then opines that declaring patents as essential after the standard is released is "contrary to the ETSI disclosure requirements" and that Philips' alleged delay "seems far from the timely disclosure

duty binding on ETSI members." *Id.*, ¶¶122, 125.  And to conclude his report, he reiterates his legal conclusions and opines that "a French court would view Philips' ETSI declarations as untimely." *Id.*, ¶¶126-27.

In his reply report, Professor Stoffel-Munck again (improperly) applies French law to the facts of this case.  For instance, he opines that certain facts defeat any "common intent" among ETSI members thus requiring use of the objective test under French law.  Ex. B, ¶¶15-16.  As another example, he provides an analysis of ETSI membership and history, and explains why, in his view, certain documents or events should be deemed relevant or irrelevant to interpretation of the ETSI IPR Policy.  *Id.*, ¶¶35-42, 49-50.  He additionally opines that Philips breached the ETSI IPR Policy.  *Id.*, ¶89, ¶94.

In sum, Professor Stoffel-Munck is a French law professor, not an ETSI expert qualified to provide opinions regarding the ETSI IPR Policy.  What is more, his opinions attempt to improperly apply French law to the facts, an analysis which is beyond the proper scope of Fed. R. Civ. P. 44.1. *See In re SpA*, 645 B.R. at 58.

## V.  <u>CONCLUSION</u>

Philips respectfully requests that paragraphs 28-64, 70-72, 80-84, and 116-127 of Professor Stoffel-Munck's opening report and paragraphs 15-16, 25-26, 35-42, 49-50, 56-58, 69-70, 89, and 94 of his reply report be excluded.

7

*Of Counsel*:

Eley O. Thompson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
(312) 832-4359
ethompson@foley.com

Kevin M. Littman
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
(617) 342-4000
klittman@foley.com
lsilva@foley.com

Dated:  August 23, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Plaintiff Koninklijke
Philips N.V.*

8

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that Philips' Opening Brief in Support of Its Motion to Exclude Opinions of Phillipe Stoffel-Munck is in Times New Roman 14-point font and contains 1,618 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

*Of Counsel*:

Eley O. Thompson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
(312) 832-4359
ethompson@foley.com

Kevin M. Littman
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
(617) 342-4000
klittman@foley.com
lsilva@foley.com

Dated:  August 23, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Plaintiff Koninklijke Philips N.V.*

1

## D. DEL. L.R. 7.1.1 CERTIFICATION

The undersigned certifies that counsel for Plaintiff made a reasonable effort to reach agreement with counsel for Defendant on the subject matter of this motion, including a meet and confer with lead and Delaware counsel, but the parties were unable to agree.

| | |
|---|---|
| *Of Counsel*: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Eley O. Thompson | |
| FOLEY & LARDNER LLP | */s/ Adam W. Poff* |
| 321 North Clark Street, Suite 2800 | Adam W. Poff (No. 3990) |
| Chicago, IL 60654-5313 | Robert M. Vrana (No. 5666) |
| (312) 832-4359 | Alexis N. Stombaugh (No. 6702) |
| ethompson@foley.com | 1000 N. King Street |
| | Wilmington, DE 19801 |
| Kevin M. Littman | (302) 571-6600 |
| Lucas I. Silva | apoff@ycst.com |
| FOLEY & LARDNER LLP | rvrana@ycst.com |
| 111 Huntington Avenue | astombaugh@ycst.com |
| Suite 2500 | |
| Boston, MA 02199-7610 | *Attorneys for Plaintiff Koninklijke* |
| (617) 342-4000 | *Philips N.V.* |
| klittman@foley.com | |
| lsilva@foley.com | |
| | |
| Dated:  August 23, 2023 | |

1