IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1708 (CFC) (CJB) |
| | ) | |
| TELIT IOT SOLUTIONS, INC. (f/k/a | ) | |
| TELIT WIRELESS SOLUTIONS, INC.); | ) | |
| TELIT COMMUNICATIONS LTD (f/k/a | ) | |
| TELIT COMMUNICATIONS PLC), | ) | |
| | ) | |
| Defendants. | ) | |

**TELIT IOT SOLUTIONS, INC.'S OPENING BRIEF IN SUPPORT OF ITS
*DAUBERT* MOTION TO EXCLUDE TESTIMONY FROM PHILIPS'
EXPERTS ON LEGAL CONCLUSIONS, THAT ARE INCONSISTENT
WITH CONTROLLING PRECEDENT
(*DAUBERT* MOTION NO. 1)**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | Jack B. Blumenfeld (#1014) |
| | Anthony D. Raucci (#5948) |
| | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| | Wilmington, DE  19899 |
| David Loewenstein | (302) 658-9200 |
| Clyde Shuman | jblumenfeld@morrisnichols.com |
| Kyle Auteri | araucci@morrisnichols.com |
| PEARL COHEN ZEDEK LATZER | |
| BARATZ LLP | *Attorneys for Defendant Telit IoT* |
| 7 Times Square, 19th Floor | *Solutions, Inc.* |
| New York, NY  10036 | |
| (656) 878-0800 | |

August 23, 2023

# **TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................... 2

III. THE PARTIES .................................................................................................... 3

IV. ARGUMENT ...................................................................................................... 3

    A. There is a Duty to Disclose *Before* the Standard is Adopted ................ 4

    B. The Contrary Opinions of Philips' Experts ............................................ 4

    C. The *Daubert* Standard ............................................................................ 6

    D. Experts Cannot Offer Opinions on U.S. Caselaw, Especially Opinions That Directly Contradict Binding U.S. Precedent, and Cannot Testify About Philips' Intent ................................................................................ 6

        1. Huber's Improper Opinions ........................................................ 7

        2. Toskala's Improper Opinions .................................................... 10

        3. Weiler's Improper Opinions ..................................................... 10

        4. Dwyer's Improper Opinions ..................................................... 11

        5. Borghetti's Opinions on U.S. Law ............................................ 12

V. CONCLUSION ................................................................................................. 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   899 F.3d 1356 (Fed. Cir. 2019) ................................................................*passim*

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993)................................................................................1, 2, 6

*FTC v. Qualcomm Inc.*,
   411 F. Supp. 3d 658 (N.D. Cal. 2019), reversed on other grounds
   2020 U.S. App. LEXIS 25347 (9th Cir. 2020).....................................................11

*Hebert v. Lisle Corp.*,
   99 F.3d 1109 (Fed. Cir. 1996) ...............................................................................7

*In re Paoli*,
   35 F.3d (3rd Cir. 1994) ..........................................................................................6

*Koki Holdings Co. v. Kyocera Senco Indus. Tools, Inc.*,
   2020 WL 5633361 (D. Del. Sept. 21, 2020).........................................................7

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)...............................................................................................6

*Optis Cellular Technology LLC v. Apple Retail UK Ltd.*
   [2021]....................................................................................................................8

*Optis Wireless Technology, LLC v. Apple Inc.*,
   No. 2:19-cv-00066-JRG (E.D. Tx. Jan. 22, 2021)...............................................8

*Sundance, Inc. v. Demonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2008) ...........................................................................7

*United States v. Downing*,
   753 F.2d 1224 (CA3 1985)..................................................................................6

**Rules and Statutes**

Fed. R. Evid. 702 .................................................................................................6, 7

## I. NATURE AND STAGE OF PROCEEDINGS

Telit incorporates by reference the Nature and Stage of the Proceedings from its opening summary judgment brief.

During the ITC proceeding, discussed in that brief, Philips retained two experts, Jean-Sébastian Borghetti ("Borghetti") and Bertram Huber ("Huber"), to opine that the asserted patents were not unenforceable as a result of Philips' violation of ETSI Rule 4.1. The ALJ rejected those opinions and held the patents unenforceable. (Ex. 1 at 266-84). Nevertheless, Philips offers Borghetti's and Huber's opinions here.

After its patents were held unenforceable in the ITC, Philips brought three more experts, Johanna Dwyer ("Dwyer"), Dirk Weiler ("Weiler") and Antti Toskala ("Toskala") into this litigation, each of whom makes the same irrelevant, and improper arguments as Huber and Borghetti. (See Appendices 1-3, in Auteri Declaration for *Daubert* motion, showing the duplication and redundancies).

Telit served reports from its two experts, Dr. Paul Min (a technical expert) and Dr. Philippe Stoffel-Munck (a French law professor), who do not seek to have the court ignore or contradict binding U.S. precedent. In response, Philips served redundant reports for each of its *five* experts, comprising a total of 499 pages with 1153 footnotes. (Excerpts at Exs. 2, 3, 4, 5 and 6).

1

All five Philips experts make the same assertion: the court should ignore binding Federal Circuit precedent, *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356, 1365-69 (Fed. Cir. 2019), in which the court held that ETSI's IPR (intellectual property rights) disclosure policy (Rule 4.1) required ETSI members participating in standard development to disclose their IPR *before* the standard is adopted. It is not clear why Philips needs five experts (and several fact witnesses) to all say the same thing other than a "belt and suspenders" strategy to counter a *Daubert* motion; if one expert is excluded, another can give the same testimony.

Telit served reply reports from Min and Stoffel-Munck, and a short rebuttal by Dr. Matthias Schneider, an ETSI Board Member, who pointed out errors in Philips' experts reports. Philips then served four redundant–sur-replies. (Excerpts at Exs. 7, 8, 9 and 10).

## II. SUMMARY OF ARGUMENT

None of Philips' experts is qualified to opine on U.S. caselaw. Borghetti, a French lawyer, cannot provide opinions beyond French law. (Ex. 3, ¶¶3-5). To the extent his opinions venture into contradicting U.S. caselaw, he exceeds his expertise (as he acknowledged; e.g., Ex. 11, Tr. 318:2-318:10, 320:23-321:10), and is outside the scope of permitted expert testimony. Huber, a German lawyer (Ex. 4, ¶2), should not be permitted to opine on any law (German law is entirely irrelevant).

Dwyer, Toskala, and Weiler are not qualified to opine on any law. Dwyer and Toskala are engineers (Ex. 2, ¶1; Ex. 6, ¶5) and Weiler is a physicist. (Ex. 5, ¶2).

The experts' redundant recounting of ETSI history (see e.g., Appendix 2 (Development of ETSI Rules) and Appendix 3) is purely to support the impermissible argument that the court should ignore *Core Wireless*, and therefore is not helpful to the factfinder, and should be excluded on that ground alone.

Although ETSI Rules are governed by French law, the Federal Circuit determined in *Core Wireless* what the relevant Rule means, which this court is bound to follow. As discussed at length in Telit's summary judgment brief, the Federal Circuit held, *inter alia* (as did the ALJ in the ITC) that there is a duty to disclose IPR before a standard is adopted.

All of Philips' experts' testimony that contradicts binding U.S. precedent should be excluded.

### III. THE PARTIES

Telit incorporates by reference its description of the parties from its summary judgment brief.

### IV. ARGUMENT

As Telit explained in its summary judgment brief, ETSI Rule 4.1 requires members that participate in standard-setting committees, especially members that

3

make technical proposals, to disclose their IPR *before* the standard is adopted. That is the law. *Core Wireless* at 1367.

### A. There is a Duty to Disclose *Before* the Standard is Adopted

In *Core Wireless* at 1366-68, the Federal Circuit held (italics in original; bold added):

> ETSI's intellectual property rights policy states that the disclosure requirement attaches to a member 'submitting a technical proposal' if that party has intellectual property that "*might*" be essential "*if* that proposal is adopted."
> ***
> [A]n **ETSI member's duty to disclose a patent application on particular technology attaches at the time of the proposal** and is not contingent on ETSI ultimately deciding to include that technology in an ETSI standard.
> ***
> Dr. Walker [former Chairman of ETSI's Board] testified, however, that a disclosure under the ETSI policy was required to be made **no later than the date the standard was adopted**, which in this case was June 1998. . . .
> As Dr. Walker's testimony made clear, Core Wireless had **a duty to disclose** its IPR no later than June 1998; its later disclosure was clearly **untimely and not sufficient to cure the earlier breach of its duty**.

### B. Philips' Experts' Contrary Opinions

Despite the Federal Circuit's unambiguous holding, Philips' expert, Huber, argues that IPR disclosure can be made at *any time* (e.g., Ex. 4, ¶¶33-34, 153-154) – exactly the opposite of the *Core Wireless* decision. Toskala and Weiler make that same argument (Ex. 6, ¶¶91-94; Ex. 5, ¶¶97-98,102,107), as does Borghetti (Ex. 3,

4

¶¶40,42,52,70,72-73,84,111,113-114,126). Borghetti concedes there is a duty to disclose, but claims not to know when the obligation to disclose IPR starts or ends. (Ex. 11, 123:8-9 ("If you're saying that there's a predetermined time limit [in Rule 4.1], I don't think so."); 154:10-156:24; *see also* 170:24-171:3, 175:22-176:16, 177:1-24, 224-227 (Tr. 227:5-7: "[Rule 4.1] doesn't tell us when they [IPR] should be – when they should be disclosed."); 232:22-24 ("I do think that the second sentence [of Rule 4.1] doesn't create an obligation to disclose before the standard is adopted.")

Dwyer tows the party line, saying the disclosure can be made at "any time," and there is no deadline to make the disclosure. (Ex. 12, Tr. 48:16-21, 58:4-13; Ex. 2, ¶199). Although Philips' experts refuse to concede it, the necessarily implication is that "any time" also means never. If a legal obligation can be performed at "any time," the underlying rule loses any meaning — all of which is contrary to *Core Wireless*. (E.g., The speed limit is any speed you want; pay whatever taxes you want; submit the brief at any time, etc.) French contract interpretation principles do not support an interpretation that gives a clause no meaning. (Ex. 14, ¶90; Borghetti agrees (Ex. 3, ¶27 (an interpretation that gives a contract some effect is preferred to one which produces no effect))). Giving Rule 4.1 "effect," as the *Core* Wireless decision did, is required under both U.S. and French law. Philips' experts cannot change that.

5

### C. The *Daubert* Standard

The court's "gatekeeper" function is intended to prevent the factfinder from being led astray by improper opinions. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999).

The touchstone is whether the proposed testimony would be helpful to the factfinder. Fed. R. Evid. 702. The inverse is also true:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." [Citation omitted]. See also *United States v. Downing*, 753 F.2d 1224, 1242 (CA3 1985) ("An additional consideration under Rule 702 – and another aspect of relevancy – is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute").

*Daubert* at 591.

Philips bears the burden of persuading the court to allow its experts to testify, *Daubert* at 592, n. 10; *In re Paoli*, 35 F.3d, 717, 743-44 (3rd Cir. 1994), but has failed that obligation.

### D. Experts Cannot Offer Opinions on U.S. Caselaw, Especially Opinions That Directly Contradict Binding U.S. Precedent, and Cannot Testify About Philips' Intent

Although the ETSI rules are governed by French law, none of Philips' experts can contradict binding precedent and cannot opine that decisions of U.S. courts are

6

wrong. Nevertheless, each of Philips' experts argues, contrary to Federal Circuit law, that there is no duty to disclose IPR before a standard is adopted.

The starting point is the well-understood rule that experts are not permitted to testify about legal conclusions because the law is the province of the court.

> "The court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized, and which invades the province of the jury to find facts ***and that of the court to make ultimate legal conclusions***." (Emphasis added).

*Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1364-65 (Fed. Cir. 2008).

Courts routinely exclude expert testimony that is contrary to legal precedent. *Koki Holdings Co. v. Kyocera Senco Indus. Tools, Inc.*, 2020 WL 5633361, at *1 (D. Del. Sept. 21, 2020) ("That opinion is contrary to Federal Circuit law and therefore not admissible under Rule 702"), *citing Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories."); *Loeffel* at 806 ("Expert opinions that are contrary to law are inadmissible. [Citation omitted] They cannot be said to be scientific, to be reliable, or to be helpful to the trier of fact.").

### 1. Huber's Improper Opinions

Huber argues that Philips' late disclosures complied with ETSI rules (Ex. 4, ¶38; see also, Section V.D ("Late Disclosure Cannot Reasonably be Considered to

7

be a Waiver…"; ¶¶115 ("fully in line with French law"),154,187-188,192,194,199 (holding patents unenforceable is "not defensible"),200,202).

Huber also opined that there was "no breach of Clause 4…" (Ex. 4, ¶231). He was asked about that at his deposition and Philips' counsel objected that it sought a "legal conclusion." (Ex. 15, Tr. 160:22-161:19; see also 162:23-163:12).

Huber also opines on *Optis v. Apple* cases in the U.S. and U.K.,[1] making broad claims about what the courts "recognized" and "correctly noted." (*Id.*, ¶198). Huber is simply making legal arguments, inconsistent with Federal Circuit precedent, in the guise of expert opinion. Philips' other experts also express views, improperly, on the two *Optis* cases. (Ex. 3, ¶¶37-38, 68, 102, 131); Ex. 2, ¶¶9, 253-254).

Huber also asserts "ETSI, as a private association under French law, cannot be in a position to expropriate, or substantially diminish, IPR of an ETSI member." (Ex. 4, ¶193). Although he "would not like to speculate" as to "which possible sanctions the ETSI General Assembly could impose," he feels comfortable enough to declare that "ETSI certainly would not have the power to expropriate the IPR holder's ability to enforce it's [*sic*] IPR." (*Id.*). This is a predicate to his opinion that the Federal Circuit is wrong.

---

[1] *Optis Cellular Technology LLC v. Apple Retail UK Ltd.* [2021] EWHC 1739, (U.K.); *Optis Wireless Technology, LLC v. Apple Inc.*, No. 2:19-cv-00066-JRG (E.D. Tx. Jan. 22, 2021).

Huber discusses "expropriation" and unenforceability numerous times in his report, providing legal opinions without a proper basis to do so. (Ex. 4, ¶¶35-37, 185, 192, 195; also discussed by Borghetti (Ex. 3, ¶¶181-182) and Weiler (Ex. 5, ¶21)). He argues "[i]t would be unreasonable" for late disclosure to lead to unenforceability. (Ex. 4, ¶187; *see also* ¶188 (calling it "absurd" for a consequence of late disclosure to be unenforceability disclosure). However, Huber is just providing his legal conclusion – that is inconsistent with U.S. caselaw.

Additionally, Huber applies the wrong legal standard. He asserts (Ex. 4, ¶56):

> It is my understanding that a proper interpretation of the ETSI IPR Policy requires considering the understanding and *intent of the authors* of the ETSI IPR Policy. (Emphasis added).

ETSI's Rules were written by about two dozen members of a "Special Committee" on IPR in 1994, out of about 350 members in 1994. (Ex. 11 Tr. 15:14-19, 19:19-22; Ex. 16, Tr. 49, 75:1-75:10). However, both Telit's and Philips' French law experts agree that the common intent of the *parties* controls contract interpretation (Ex. 14, ¶¶74; Ex. 17, ¶6; Ex. 3, ¶¶25,41). This is an additional, independent reason to exclude Huber's testimony. See *Koki Holdings and Hebert supra.*

9

### 2. Toskala's Improper Opinions

Toskala, an engineer, cannot opine on the law.[2] Nevertheless, he provides his opinion that Philips' late disclosures complied with Rule 4.1. (Ex. 6, ¶¶93-94 ("no specific timeline" for IPR disclosure, no unenforceability for late disclosure), 96 (Philips complied with Rule 4.1). Toskala's other opinions all attempt to support Philips' view that Rule 4.1 imposes no duty to disclose before the standard is adopted and there is no remedy for late disclosure, all of which is his legal opinion and is contrary to the law. (*See also* Ex. 10, ¶6 (last two sentences)).

### 3. Weiler's Improper Opinions

Although Weiler, is the chairman of ETSI's board, he is a physicist. He opines on U.S. law and criticizes Telit's legal expert. He writes "Clause 4 . . . does not require disclosure prior to the 'freeze' dates of standards, contrary to Dr. Stoffel-Munck's position." (Ex. 5, ¶96; ¶92 ("[I]t is my opinion that Philips did not breach Clause 4.1 with respect to its IPRs disclosures to ETSI concerning the 6 patents-in-suit."). He argues "[f]or purposes of my analysis, however, Clause 4 of the ETSI

---

[2] Both Toskala and Weiler are Nokia employees. (Exs. 18, Tr. 8:22-23 and Ex. 19, Tr. 10:11-16). Nokia has a large number of SEP patents, some of which were transferred and litigated in *Core Wireless* (at 1365-66). The court held that Nokia breached its duty by failing to disclose the application before the standard was adopted. *Core Wireless*, at 1365, 1368. Nokia is also a late discloser and has asserted patents against Telit's customers. (Ex. 19, Tr. 33:17-34:10; Ex. 20).

IPR Policy does not require disclosure prior to any of those dates [freeze dates or adoption dates]." (*Id.*, ¶96, n.75; see also ¶¶93,107,125-32).[3]

### 4. Dwyer's Improper Opinions

Dwyer, an electrical engineer, candidly testified she disagrees with the Federal Circuit's decision:

> Q Just say, yes or no, 'I'm agreeing or disagreeing with the Core Wireless decision in the Federal Circuit.'
> A I'm disagreeing with it. (Ex. 12, Tr. 248).

Her report is nothing more than an attempt to support that "disagree[ment]." Examples of Dwyer's legal opinions include:

- "ETSI IPR Policy does not set a precise deadline for IPR disclosures …: (Ex. 7, ¶4) and "does not include a requirement to disclose IPR to ETSI before a certain date." (Ex. 2, ¶321).

- Philips "complied" with Rule 4.1 (Ex. 2, ¶338).

- "'Philips[] … was in compliance with Clause 4.1 of the ETSI IPR Policy." (Ex. 7, ¶7 and Ex. 2, ¶24; see also Ex. 7, Heading C: "Timely is Not a Single Point in Time").

---

[3] Weiler's testimony was determined to be "not credible" in *FTC v. Qualcomm Inc.*, 411 F. Supp. 3d 658, 755 (N.D. Cal. 2019), reversed on other grounds 2020 U.S. App. LEXIS 25347 (9th Cir. 2020).

11

Dwyer is also in no position to state what a French court would use to interpret a French Contract (See Ex. 7, Heading F and following section, e.g., ¶20: "They [the ETSI Directives] are applicable in their entirety and must be considered collectively." ¶28: There is "no such requirement" that "'IPR disclosure must be made before the standard is enacted.'")

Despite lacking the necessary qualifications, Dwyer criticizes Telit's French law expert, and express an opinion inconsistent with *Core Wireless*:

> "[It is] my belief that Dr. Stoffel-Munck's view concerning the clarity of Clause 4.1 is incorrect. . . . It is my opinion that Clause 4.1 of the ETSI IPR Policy, while encouraging early disclosure, does not set a deadline for such disclosure and specifically does not include a requirement to disclose IPR to ETSI before a certain date."

(Ex. 2, ¶321).

### 5. Borghetti's Opinions on U.S. Law

Borghetti opines that a late discloser's patent would be enforceable, despite *Core Wireless'* contrary holding. (Ex. 3, ¶180). It is not for Borghetti to "overrule" Federal Circuit, nor is it his job to provide his "understand[ing]" of a U.S. doctrine – his opinion cannot stray beyond French law, and even that is limited to opinions that do not conflict with binding precedent. (See also e.g., *id.* ¶¶170,174-75, 177,179,182-85; opining that unenforceability of U.S. patents is not the proper remedy). See also Ex. 3, ¶¶40,42,52,70,72-73,84,111,113-114,126; opining there is no deadline to declare before the freeze date, or any other date); see also ¶¶31-32

(arguing, inconsistently with the law, Telit cannot be a third-party beneficiary; see MSJ brief Section V.C.)

Borghetti also admitted that he disagrees with U.S. caselaw. (Ex. 11, Tr. 190:11-191:3):

> A   Well, then I disagree, and I -- well, I respectfully disagree with those decisions, indeed.

## V. CONCLUSION

Philips' experts should not be allowed to testify on the law, or offer opinions inconsistent with controlling precedent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendant Telit IoT Solutions, Inc.*

OF COUNSEL:

David Loewenstein
Clyde Shuman
Kyle Auteri
PEARL COHEN ZEDEK LATZER BARATZ LLP
7 Times Square, 19th Floor
New York, NY  10036
(656) 878-0800

August 23, 2023

13

## **CERTIFICATION REGARDING WORD COUNT AND FONT SIZE**

This brief complies with the type and word limitation in Paragraph 10 of the Scheduling Order (D.I. 82) because it is written in 14-point Times New Roman font and contains 2,780 words according to the word count feature of Microsoft Word, and collectively with the briefing on the summary judgment motion and other Daubert motions filed herewith, does not exceed the 12,500 word limit set forth in the Scheduling Order.

August 23, 2023

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 23, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Adam Wyatt Poff, Esquire<br>Robert M. Vrana, Esquire<br>Alexis N. Stombaugh, Esquire<br>YOUNG, CONAWAY, STARGATT<br>  & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19808<br>*Attorneys for Plaintiff* | VIA ELECTRONIC FILING |
| Eley O. Thompson, Esquire<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL  60654-5313<br>*Attorneys for Plaintiff* | VIA ELECTRONIC FILING |
| Kevin M. Littman, Esquire<br>Lucas I. Silva, Esquire<br>FOLEY & LARDNER LLP<br>111 Huntington Avenue, Suite 2500<br>Boston, MA  02199-7610<br>*Attorneys for Plaintiff* | VIA ELECTRONIC FILING |

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)