IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1708 (CFC) (CJB) |
| | ) |
| TELIT IOT SOLUTIONS, INC. (f/k/a TELIT WIRELESS SOLUTIONS, INC.); TELIT COMMUNICATIONS LTD (f/k/a TELIT COMMUNICATIONS PLC), | ) ) ) ) |
| | ) |
| Defendants. | ) |

**TELIT IOT SOLUTIONS, INC.'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT OF <u>PATENT UNENFORCEABILITY</u>**

Telit IoT Solutions, Inc. ("Telit") provides the following statement of undisputed material facts supporting its motion for summary judgment that the asserted patents are unenforceable.

1. Wireless communications standards are set by ETSI (the European Telecommunication Standards Institute). (*See* D.I. 96 at 6, n.3).

2. ETSI is associated with an organization called 3GPP (3rd Generation Partnership Project), which has technical committees that discuss various technology options, then select ones that ultimately become standards for the entire wireless industry worldwide. (Ex. 1, Tr. 35:19-36:15; see also Ex. 2 Tr. 91:2-10,92:8-13).

3. The named inventors of the asserted patents participated in the 3GPP technical committee called RAN1 [Radio Access Network]. (Ex. 3 ¶¶13-14,16,18; Ex. 4, Tr. 23:15-24:23,26:9-16,26:24-27:10; Ex. 5 Tr. 78:7-13).

4. ETSI Rule, 4.1, has two clauses (Ex. 6 at 34) (emphasis added throughout):

> [1] Subject to Clause 4.2 [relating to searches] below, each MEMBER shall use its reasonable endeavours, *in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates*, to inform ETSI of ESSENTIAL IPRs [Intellectual Property Rights] in a timely fashion.
>
> [2]   In particular, a MEMBER *submitting a technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the*

> *attention of ETSI to any of that MEMBER's IPR **which might be ESSENTIAL if that proposal is adopted***.

5. The first clause of the rule addresses ETSI members that participated in standard setting meetings. The second clause addresses participants that submitted technical proposals. (Ex. 7 ¶37; *see also* Ex. 6 at 34).

6. IPR includes pending patent applications. (Ex. 7 ¶51, Ex. 6 at Telit2021_017325).

7. "Adopted" means the date when ETSI publishes a standard. (*See* Ex. 8 at Telit2021_017325).

8. Rule 4.1 has been in effect since 1994 with some modifications. (Ex. 6, at Telit20201_017334, 347; Ex. 9 ¶33). In 2005, the second sentence was unchanged, but the first sentence was changed to add "in particular during the development of a STANDARD…" (Ex. 6, at Telit20201_017347; Ex. 9 ¶33).

9. To help interpret the Rules and to give Chairs of the technical committees guidance, ETSI published the Chairman's Guide in the 1990s. (*See* Ex. 10, at KPNV0020632,637). At the beginning of each technical committee meeting, the Chair was required to make a "call" for declaration of IPR to the participants. (Ex. 6 at 54 §2.3.2 and 65; Ex. 10 §3.1.3 at 9).

10. The asserted Philips patents are U.S. Patent Nos. 7,089,028, 8,195,216, 9,178,577, 9,635,599, 8,134,929, and 10,257,814. (D.I. 61, at 32). (Referred to by the last three digits).

11. Philips' employees Timothy J. Moulsley and Matthew P. J. Baker are named inventors of the asserted patents. (Ex. 11; Ex. 12; Ex. 13; Ex. 14; Ex. 15; Ex. 16). They were actively involved in 3GPP technical committees prior to the enactment of the standards at issue, and attended RAN1 technical committee meetings where the relevant wireless communications standards were created. (Ex. 3 ¶¶26,35,45,50-51,80-81,98-99,105,109,120,124-25,127,137, 142, 163.

12. Philips employed Moulsley from January 1984 to December 2008; he was a Philips consultant until 2023. (Ex. 3 ¶17). Philips had a standardization group, and either Moulsley or Baker was the team leader of Philips' 3GPP standardization activities project. (Ex. 3 ¶¶14,19).

13. Moulsley and/or Baker attended every RAN1 meeting from 1999-2008. (Ex. 3 ¶18).

14. Before the named inventors proposed technical contributions to RAN1, or commented on other participant's proposals, Philips filed patent applications on the allegedly same subject matter that was submitted to RAN1. (Ex. 3 Min ¶¶20,25,35-41,49,59-61,65,73-79,90,103,106-110,112,117,120-128,133,135-136, 143-147; *see also id*. 27,30-32,34,42-45,63-66,71-72,100-103,140,149,150,154). Philips' proposals were incorporated in the 3G and 4G wireless standards (*See Id.*, at ¶¶46-47,49-51,74-80,103-105,106-112,125-128,135,143-147,149,159). Those

4

applications resulted in patents that Philips now alleges Telit infringes. (*Id.*, at 20,60,90,117,133).

15. For some of the patents, Philips filed patent applications a few days before the named inventors made related technical proposals to RAN1. (Ex. 9, at ¶30 citing Ex. 3 ¶¶20,35,39-40,59-66,71-79,85,117-124).

16. Philips' filed patent applications on wireless communications standards, then sent the named inventors to 3GPP meetings to submit the subject matter of those applications as a proposed standard. (Ex. 17 Tr. at 39:23-42:1,88:21-89:3). And that is what happened here: years after the standards containing Philips' proposals were adopted, Philips informed ETSI that it had IPR allegedly covering the standard. (Ex. 18 ¶¶23-24,31-32,37-38,46-47; *see also* Ex. 3 ¶¶20,27,30-32,34-35,39,42-45,58,60-66,71-74,75-79,89,90,100-103,106-108,116-117,120-121,124-127,132-133,135-136,140,143-147,149-150,166).

17. Philips now bases its infringement allegations against Telit on parts of the standards that included the technical proposals that its employees made to RAN1. (Ex. 3 Min ¶¶33-38,42-44,48,51-54,66-69,71-79,100,103-112,125-128,135-136,140-141,143-149,152,154).

18. Philips' entire case against Telit is based on the allegedly infringing 3G and 4G standards (D.I. 61 ¶¶124,150,175,190,208,224), that included Baker's and

Moulsley's proposals. (Ex. 3 ¶¶42-47,50-51,63-66,75-80,100,103-105,109-112,125, 127-128, 135-137,130,141,143-147,149).

19. Philips did not declare the IPR associated with the asserted patents until long after ETSI had published the accused standards:

| Patent Nos. | ETSI Publication Date | Philips' Earliest ETSI Declaration | Delay from Publication Until Disclosure |
|---|---|---|---|
| '028 | April 25, 2001 (Philips assertion) | Sep. 2, 2003 | at least 2 years, 4 months[1] |
| '216 | May 5, 2000 (Philips assertion) | Sep. 2, 2003 | at least 3 years, 3 months[2] |
| '929 | Jul. 7, 2005 | Nov. 26, 2009 | 4 years, 4 months[3] |
| '814 | Mar. 9, 2007 | Nov. 26, 2009 | 2 years, 7 months[4] |
| '577/and '599 | Nov. 4, 2008 | Dec. 3, 2014 (for LTE) | 6 years[5] |

---

[1] Ex. 18 ¶¶23-24. Using the correct publication dates for the '028 and '216 patents results in a longer delay of 3 years, 7 months for each, not material for this motion. *Id*.
[2] Ex. 18 ¶¶23-24.
[3] Ex. 18 ¶¶31-32.
[4] Ex. 18 ¶¶37-38.
[5] Ex. 18 ¶¶46-47.

6

20. Philips does not dispute the patent application dates or the dates the IPR associated with the patents were first declared to ETSI for the accused standards (Ex. 19 ¶¶324,328,330,333,335,337; Ex. 20 ¶¶222-226; Ex. 21 Tr. 87-91).

21. Kevin Scott, Philips' licensing program leader, prepared Philips' 2003 IPR declaration, (Ex. 22 Tr. 16,65-66; *see also* Ex. 23 Tr. 117), and was listed as the contact in Philips' 2009 IPR declaration (Ex. 24 at KPNV0000699).

22. Scott also handled Baker's and Moulsley's patent applications. (Ex. 17 Tr.,83-84).

23. Scott admitted Philips did not attempt to draft claim charts for the IPR declarations until after the standards were adopted. Gildas Bossard, who succeeded Scott, agreed that that was the case. (Ex. 22 Tr. 252:4-253:9; Ex. 2 Tr.101:3-8, 112:12-16; Ex. 17 Tr. 48,50:9-18,67-68,259; Ex. 23 Tr. 91,117).

24. Moulsley testified that Philips' "patent department would" have known "[i]f there was going to be a submission to 3GPP or something which was the subject of a patent application." (Ex. 4, Tr. 64:25-65:22).

25. Scott admitted that Philips' licensing program (i.e., patent assertion) for its 3G patents had "been dormant waiting for a significant market to develop." (Ex. 25 at 271) quoting Ex. 8 at PRSNA-ITC0520931) (emphasis added.)

|  |  |
|---|---|
| OF COUNSEL:<br><br>David Loewenstein<br>Clyde Shuman<br>Kyle Auteri<br>PEARL COHEN ZEDEK LATZER<br>BARATZ LLP<br>7 Times Square, 19th Floor<br>New York, NY  10036<br>(656) 878-0800<br><br>August 23, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Anthony D. Raucci*<br><br>Jack B. Blumenfeld (#1014)<br>Anthony D. Raucci (#5948)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>araucci@morrisnichols.com<br><br>*Attorneys for Defendant Telit IoT Solutions, Inc.* |

8

## CERTIFICATION REGARDING WORD COUNT AND FONT SIZE

This brief complies with the type and word limitation in Paragraph 10 of the Scheduling Order (D.I. 82) because it is written in 14-point Times New Roman font and contains 1,114 words according to the word count feature of Microsoft Word and thus does not exceed the 1,750 word limit set forth in the Scheduling Order.

August 23, 2023

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 23, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Adam Wyatt Poff, Esquire<br>Robert M. Vrana, Esquire<br>Alexis N. Stombaugh, Esquire<br>YOUNG, CONAWAY, STARGATT<br>  & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19808<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC FILING* |
| Eley O. Thompson, Esquire<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL  60654-5313<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC FILING* |
| Kevin M. Littman, Esquire<br>Lucas I. Silva, Esquire<br>FOLEY & LARDNER LLP<br>111 Huntington Avenue, Suite 2500<br>Boston, MA  02199-7610<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC FILING* |

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)