IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,

               Plaintiff,

       v.

TELIT IOT SOLUTIONS, INC.,
and TELIT COMMUNICATIONS
LTD,

               Defendants.

Civil Action No. 20-1708-CFC

---

## MEMORANDUM ORDER

Plaintiff Koninklijke Philips N.V. (Philips) alleges that Defendants Telit IoT Solutions, Inc. and Telit Communications Ltd (collectively Telit) infringed six patents that are essential to various telecommunications standards adopted by the European Telecommunications Standards Institute (ETSI). D.I. 61. I structured the case to try patent unenforceability (implied waiver) first. D.I. 82.

Pending before me is Telit's Motion for Summary Judgment of Patent Unenforceability. D.I. 154. Telit says in its motion that "[t]he grounds for this Motion are set forth in Telit's Opening Brief in support of this Motion," D.I. 154, but the grounds for the motion are not readily apparent from the Opening Brief. At no point in the Opening Brief does Telit state in a single sentence or paragraph (let

alone a sentence or paragraph at the outset of the brief) why it is entitled to summary judgment of patent unenforceability as a matter of law. Instead, Telit devotes its brief to attacking what it calls "Philips' argument," and asks me to infer from that attack a legal theory that would entitle Telit as a matter of law to a judgment that the asserted patents are unenforceable.

In its Answering Brief, Philips describes Telit's motion as a "motion for summary judgment of implied waiver." D.I. 179 at 1. Telit does not dispute that characterization in its Reply Brief. *See generally* D.I. 194.

Implied waiver occurs when the patentee's "conduct was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished." *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2018). "Such conduct can be shown where (1) the patentee had a duty of disclosure to the standard setting organization, and (2) the patentee breached that duty." *Id.* But because implied waiver is an equitable doctrine, it "should only be applied in instances where the patentee's misconduct resulted in [an] unfair benefit." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356, 1368 (Fed. Cir. 2018) (internal citations omitted).

Telit has a heading in its Opening Brief that reads: "Philips Inequitably Benefitted from its Delay." D.I. 155 at 28. Under that heading, Telit cites two district court opinions in which courts found that "IPR owners inequitably

2

benefit[ted] from their late disclosures." D.I. 155 at 28 (citing *Conversant Wireless Licensing S.A.R.L. v. Apple, Inc.*, 2019 WL 4038419, at *14– 15 (N.D. Cal. May 10, 2019); *Apple, Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1084 (W.D. Wis. 2021). Telit, however, cites nothing in the record that shows that Philips' alleged misconduct resulted in an unfair benefit. That failure dooms its motion. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting [in a summary judgment motion] that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.")

NOW THEREFORE, at Wilmington on this Sixteenth day of November in 2023, Telit IoT Solutions, Inc.'s Motion for Summary Judgment (D.I. 154) is **DENIED**.

_____
CHIEF JUDGE