IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br><br> Plaintiff, <br><br> v. <br><br> TELIT IOT SOLUTIONS, INC., and TELIT COMMUNICATIONS LTD, <br><br> Defendants. | Civil Action No. 20-1708-CFC |

## MEMORANDUM ORDER

Pending before me is Koninklijke Philips N.V. (Philips) Motion to Exclude Opinions of Phillipe Stoffel-Munck (Stoffel-Munck). D.I. 142. Dr. Stoffel-Munck is a professor of law at the University of Pantheon-Sorbonne (Paris I) in France. D.I. 143-1 at 1. Philips seeks by its motion to "exclude the expert testimony and opinions," D.I. 142, offered in certain paragraphs of Dr. Stoffel-Munck's Opening and Reply Reports, D.I. 143 at 7. It makes two arguments in support of its motion.

First, Philips says that the opinions disclosed in paragraphs 28–64 of Dr. Stoffel-Munck's Opening Report and paragraphs 25–26, 56–58, and 69–70 of his Reply Report should be excluded under Federal Rule of Evidence 702 because Dr.

Stoffel-Munck "lacks any background or prior experience in cellular telecommunications technology or with ETSI (or any standard setting organization) that would afford him the expertise to opine upon the practices and/or obligations of ETSI members." D.I. 143 at 3. ETSI, which stands for the European Telecommunications Standards Institute, is a "standards body dealing with telecommunications, broadcasting and other electronic communications networks and services." *About ETSI,* ETSI, https://www.etsi.org/about [https://perma.cc/ALM6-9VLT] (last visited Dec. 11, 2023).

Federal Rule of Evidence 702, as amended effective December 1, 2023, provides that

> [a] witness who is *qualified as an expert by knowledge, skill, experience, training, or education* may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it more likely than not that: (a) the *expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue*; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702 (emphasis added). It is well-settled that "[a]n expert witness must have such skill, knowledge, or experience in the field as to make it appear

2

that his opinion will probably aid the trier of fact in his search for the truth." *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114 (3d Cir. 1987). At a minimum, "a proffered expert witness . . . must possess skill or knowledge greater than the average layman . . . ." *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998). The Third Circuit applies this standard liberally but has not "pursued a policy of qualifying *any* proffered witness as an expert." *Id.* (emphasis in original).

It is undisputed that paragraphs 28–64 of Dr. Stoffel-Munck's Opening Report and paragraphs 25–26, 56–58, and 69–70 of his Reply Report all concern ETSI. And it is undisputed that Dr. Stoffel-Munck has no background, training, or education in cellular telecommunications technology or ETSI. Accordingly, it cannot be said that Dr. Stoffel-Munck possesses skills or knowledge greater than the average layman with respect to ETSI. Dr. Stoffel-Munck is therefore not qualified under Rule 702 to offer expert opinions about ETSI, and I will not allow him to offer at trial the opinions disclosed in the challenged paragraphs of his reports.

Defendants Telit IoT Solutions, Inc. and Telit Communications Ltd (collectively, Telit) argue that because Philips' French law expert, Jean-Sébastian Borghetti (Borghetti), opines on the same topics as Dr. Stoffel-Munck and

3

similarly has no background in cellular telecommunications or ETSI, Philips' motion must be denied. D.I. 170 at 1–10. But this argument is legally irrelevant to whether the challenged paragraphs in Dr. Stoffel-Munck's expert reports are proper.[1]

Philips next argues that paragraphs 70–72, 80–84, and 116–27 of Dr. Stoffel-Munck's Opening Report and paragraphs 15–16, 25–26, 35–42, 49–50, 56–58, 69–70, 89, and 94 of his Reply Report should be excluded because Dr. Stoffel-Munck impermissibly applies in these paragraphs French law to the facts of the case. D.I. 143 at 5–7.

Under Rule 44.1, "the court's determination [of foreign law] must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1. The Rule further provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." *Id.*

---

[1] Although "in the law, what is sauce for the goose is normally sauce for the gander," *Heffernan v. City of Paterson*, 578 U.S. 266, 272 (2016), Telit submitted three *Daubert* motions, none of which raised the argument that Borghetti was unqualified to opine on ETSI.

4

Philips does not dispute that Dr. Stoffel-Munck is an expert on French law. Instead, it argues that foreign law experts should "not offer legal conclusions, 'as the purpose of an expert witness in foreign law is to aid the court in determining the content of the applicable foreign law, not to apply the law to the facts of the case.'" *In re SpA*, 645 B.R. 48, 58 (Bankr. D. Del. 2022) (quoting 9A Fed. Prac. & Proc. Civ. § 2444 (3d ed.)). Although I agree with Philips that the purpose of a foreign law expert is to aid the court in determining the content of foreign law, "courts do not strike experts who offer legal conclusions." 9A Fed. Prac. & Proc. Civ. § 2444 (3d ed.). Instead, courts "place[] little or no credence in [] opinions" that provide legal conclusions. *Id.* For example, in *Hardy Expl. & Prod. (India), Inc. v. Gov't of India*—a case cited by Philips—two Indian contract law experts submitted declarations to assist the court in interpreting Indian law. 219 F. Supp. 3d 50, 59–60 (D. D.C. 2016). The court relied on the expert's declarations insofar as they stated the content of Indian law but did not rely on the legal conclusions contained therein. *Id.* Although the court, in its discretion, chose not to rely on the foreign expert's legal conclusions, the court did not exclude the legal conclusions from the expert's declarations. *Id.* Similarly, in *Pfizer Inc v. Elan Pharm. Rsch. Corp.*, the court disregarded testimony of a foreign law expert that opined as to

5

how German courts would rule on matters of interpretation of a contract agreement. 812 F. Supp. 1352, 1360 n.11 (D. Del. 1993). But the court did not strike the expert's testimony or exclude such statements from the expert's affidavit. The cases that Telit cites, although not from the Third Circuit, support this reading of Rule 44.1 *See* D.I. 170 at 14–15 (citing *Fabricant v. Elavon, Inc.*, 2021 WL 1593238 at *8–9 (C.D. Cal. Mar. 8, 2021); *Excel Fortress Ltd. v. Wilhelm*, 2019 WL 163252 at *3 (D. Ariz., Jan. 7, 2019); *Winn v. Schafer*, 499 F. Supp. 2d 390, 396 n.28 (S.D.N.Y. 2007)). Thus, I will not exclude paragraphs 70–72, 80–84, and 116–27 of Stoffel-Munck's Opening Report and paragraphs 15–16, 25–26, 35–42, 49–50, 56–58, 69–70, 89, and 94 of Stoffel Munck's Reply Report.

NOW THEREFORE, at Wilmington on this Eleventh day of December in 2023, IT IS HEREBY ORDERED that:

1. Plaintiffs Motion to Exclude Opinions of Philippe Stoffel-Munck (D.I. 142) is GRANTED IN PART and DENIED IN PART;

2. The motion is GRANTED insofar as it seeks to preclude Dr. Stffoel-Munck from offering at trial the opinions disclosed in paragraphs 28–64 of his Opening Report and paragraphs 25–26, 56–58, and 69–70 of his Reply Report;

3. The motion is otherwise DENIED.

_____
CHIEF JUDGE

7