IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br><br>                       Plaintiff,<br><br>v.<br><br>TELIT IOT SOLUTIONS, INC.,<br>and TELIT COMMUNICATIONS<br>LTD,<br>         Defendants. | Civil Action No. 20-1708-CFC |

## **MEMORANDUM ORDER**

Pending before me is Telit IoT Solutions Inc.'s Motion to Exclude Testimony from Philips' Experts on Legal Conclusions that are Inconsistent with Controlling Precedent (*Daubert* Motion No. 1). D.I. 147. Telit seeks by its motion to preclude five of Philips' experts—Jean-Sébastien Borghetti, Johanna Dwyer, Bertram Huber, Antti Toskala, and Dirk Weiler—from presenting at trial testimony that Telit says "provides improper legal conclusions and contradicts controlling precedent." D.I. 147 at 1. The so-called "controlling precedent" is the Federal Circuit's decision in *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356 (Fed. Cir. 2019). D.I. 149 at 2.

The Scheduling Order issued on June 27th, 2022 requires that the parties "not combine into a single motion multiple motions that rely in whole or in part on different facts." D.I. 82 at 14. I nonetheless have before me a single motion that seeks to exclude the testimony of five expert witnesses based on different facts—that is, for each expert, the qualifications of that expert and the opinions disclosed in that expert's own reports. Because Telit violated the Scheduling Order, I will deny its motion.

Because a bench trial is soon approaching, I nonetheless think it prudent to address a fundamental premise of Telit's motion. That premise is that in *Core Wireless* the Federal Circuit "held that ETSI's IPR (intellectual property rights) disclosure policy (Rule 4.1) require[s] ETSI members participating in standard development to disclose their IPR *before* the standard is adopted." D.I. 149 at 2 (emphasis in original). (ETSI is the acronym for the European Telecommunications Standards Institute.) According to Telit, this "unambiguous holding" precludes Philips' experts from opining that IPR disclosure to ETSI can be made at any time, or that Philips' late disclosures complied with Rule 4.1. D.I. 149 at 4–5, 7–12.

2

Federal Rule of Evidence 702 governs testimony by experts and requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Testimony that is contrary to the law is not admissible under Rule 702. *See Koki Holdings Co. v. Kyocera Senco Indus. Tools, Inc.*, 2020 WL 5633361 at *1 (D. Del. Sept. 21, 2020) ("That opinion is contrary to Federal Circuit law and therefore not admissible under Rule 702."); *Herbert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories.")

Factual findings and mixed findings of law and fact, however, do not have a *stare decisis* effect. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1570–72 (Fed. Cir. 1993); 3 Moore's Manual – Federal Practice and Procedure § 30.11 (2023). And issues that were not presented nor directly addressed by a court in an opinion are not precedential. *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."). The dispositive question here, therefore, is whether the Federal Circuit in *Core Wireless* held, as a matter of law, that Rule 4.1 of the ETSI IPR

3

Policy requires ETSI members participating in standard development to disclose their IPR before submitting a technical proposal to ETSI.

In *Core Wireless*, the Federal Circuit reversed the district court's finding that Nokia, a participant in ETSI, did not have to disclose its Finnish patent application when it submitted a technical proposal to an ETSI working group. 899 F.3d at 1366–67. In reversing the district court, the Federal Circuit stated: "Dr. Walker's unrebutted testimony made it clear that an ETSI member's duty to disclose a patent application on particular technology attaches at the time of the [technical] proposal . . .." 899 F.3d at 1367. The court noted, on three separate occasions, that the only evidence produced in the lower court was the "unrebutted testimony" of the appellee's expert. *See* 899 F.3d at 1367 ("Dr. Walker's unrebutted testimony made it clear that an ETSI member's duty to disclose a patent application on particular technology attaches at the time of the proposal and is not contingent on ETSI ultimately deciding to include that technology in an ETSI standard."); *Id.* ("Rather, Dr. Walker's unrebutted trial testimony made clear that the ETSI policy included patent applications, which are, by their nature, not yet final."); *Id.* ("Dr. Walker's unrebutted testimony confirmed that interpretation of the policy.") The Federal Circuit's reversal was therefore predicated on the district court's conclusion being

4

"clearly contrary to the evidence" presented at trial. 899 F.3d at 1367. Because the Federal Circuit reversed the district court's decision on a factual basis, I agree with Philips that *Core Wireless* is not binding precedent for the principle that a party violates ETSI IPR Policy as a matter of law by not filing IPR declarations before submitting a technical proposal. Accordingly, I reject Telit's argument that Philips' experts are offering opinions that are contrary to controlling precedent.

NOW THEREFORE, at Wilmington on this Twelfth day of December in 2023, Telit's *Daubert* Motion No. 1 (D.I. 147) is **DENIED**.

_____
CHIEF JUDGE